# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE SEIDEL, | ) | |
| | ) | Civil Action No. 15 - 12 |
| Plaintiff, | ) | |
| | ) | District Judge Cathy Bissoon |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| BRIAN MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute as he has failed to apprise this Court of his current address.

**II.  REPORT**

On June 1, 2015, the Court entered an Order directing the United States Marshal to serve the Complaint on Defendants by mail.  In that same Order, Plaintiff was advised to immediately notify the Court of any change in address and informed that the failure to do so may result in dismissal for failure to prosecute.  The Order was mailed to Plaintiff at his address of record, the Fayette County Prison, 12 Court Street, Uniontown, Pennsylvania, 15401-3587, but it was returned to the Court with a label stating "RETURN TO SENDER/REFUSED/UNABLE TO FORWARD".  Upon inquiry, the Court was informed that Plaintiff was released from the custody of the Fayette County Prison without leaving a forwarding address.  Plaintiff did not submit a notice of change of address and the Court is currently unaware of his whereabouts.

1

Without this information, the defendants are unable to serve pleadings and other documents upon Plaintiff, and the Court is unable to serve him with orders.

A district court has inherent power to dismiss an action, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. The responsibility for his failure to keep the Court informed of his current address is his alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, the Complaint has not yet been served so the defendants have suffered no prejudice.

3. A history of dilatoriness.

It does not appear that Plaintiff has a history of dilatoriness. However, Plaintiff did not provide the Court with a notice of change of address when he was released from the Fayette County Prison, and this is sufficient evidence, in the Court's view, to indicate that Plaintiff no longer desires to proceed with this action.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative sanctions.

Plaintiff is proceeding *in forma pauperis* so it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. Meritorious of the claim or defense.

Plaintiff alleges that he was assaulted by Lt. Lankey while in the Fayette County Prison in December 2014. He alleges that Lt. Lankey administered OC spray into his cell and then struck him in the face. He further alleges that Lt. Lankey then returned with CO Bennett, CO Hoffman, and CO Gweedo, entered his cell with force, and assaulted him. Plaintiff states that he was not combative or given any warnings.

He alleges that Defendant Brian Miller, Warden, Defendant Michael Zavada, Deputy of Security, and Defendant Barry Croftcheck, Deputy Warden of Treatment, are liable simply by virtue of their supervisory positions.

Based on the allegations in the Complaint, it appears that Plaintiff could only state a claim against Defendant Lt. Lankey, and possibly Defendants CO Bennett, CO Hoffman and CO Gweedo if he were given the chance to amend to provide more specific allegations as to their involvement in the alleged assault, but his allegations against Defendants Miller, Zavada, and Croftcheck would not withstand a motion to dismiss because liability in a section 1983 action "cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). Therefore, this factor weighs neither for nor against dismissal.

To summarize, the majority of the Poulis factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute as he has failed to apprise this Court of his current address.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: June 25, 2015.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Kyle Seidel
    Fayette County Prison
    12 Court Street
    Uniontown, PA  15401-3587